UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| KATRINA MEANS, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 11-cv-0382 (RC) |
| | : | | |
| v. | : | Re Document No.: | 21, 26, 27 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

SUSTAINING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE'S REPORT AND
RECOMMENDATION AND ADOPTING THE REMAINING FINDINGS OF THE MAGISTRATE'S
REPORT AND RECOMMENDATION

**I. INTRODUCTION**

Plaintiffs, Katrina Means *et al.,* were the prevailing parties in an administrative due process hearing brought pursuant to the Individuals with Disabilities in Education Act ("IDEA"). Plaintiffs then moved for reasonable attorney's fees as a result of that litigation. The issue was referred to Magistrate Judge Kay, whose July 17, 2013 Report and Recommendation ("R&R II") found that 20 U.S.C. § 1415(i)(3)(D)(i) precluded the plaintiffs from recovering fees after February 27, 2013. This is because Judge Kay's October 11, 2012 Report and Recommendation ("R&R I") awarded the plaintiffs less money than the defendant offered in their February 27, 2013 Offer of Judgment. Plaintiffs now object to Judge Kay's findings in the R&R II, arguing that the Offer of Judgment was ambiguous and thus does not bar recovery of fees generated after that date. Defendant asks the Court to overrule the plaintiffs' objection and adopt the magistrate's report. Defendant also raises a new objection to the magistrate's report, that awarding fees-on-fees in IDEA litigation is wholly unconstitutional. Because the Court finds that

the defendant's offer of judgment was not greater than the plaintiffs' actual recovery, and that the defendant did not properly object to the magistrate's failure to consider his constitutional argument, it sustains the plaintiffs' objections. The Court adopts the magistrate's report and recommendation in part and amends in part.

## II. FACTUAL BACKGROUND

### A. The IDEA Proceeding

Plaintiffs were the prevailing parties in an administrative due process hearing on March 25, 2010. Following this, defendant, the District of Columbia, agreed to reimburse the plaintiffs for "reasonable and documented attorney's fees." Dismissal Order at 2, Docket No. 10, Ex. 5. The plaintiffs submitted two invoices for attorney's fees and costs totaling $29,550.69. Pls.' Statement of Material Facts ¶ 5, n.1, Docket No. 10, Ex. 1. Defendants, through D.C. Public Schools (DCPS) paid $12,976.58 of the plaintiffs' requested amount. Plaintiff then filed suit in this Court for the remaining $16,574.11. Pls.' Statement of Material Facts 10-1 ¶¶ 7 10, 12.

### B. The Magistrate's First Report and Recommendation

Plaintiffs' motion for summary judgment on the unpaid attorney's fees, totaling $16,574.11, was submitted by this Court to Magistrate Judge Kay for a report and recommendation. *See generally* Docket No. 21, 22, 25. Judge Kay recommended that this Court grant in part and deny in part the plaintiffs' motion for summary judgment, awarding plaintiffs $9,910.92 in unpaid fees. Oct. 11, 2012 Report and Recommendation, Docket No. 14. On February 27, 2013, after Judge Kay had issued R&R I but before the report had been adopted by this Court, the defendant made an offer of judgment to the plaintiff for $13,000.00 to settle all claims. Def's Opp'n to Pls' Mot. for Atty's Fees and Costs, Ex. 1, Docket No. 22. The plaintiffs

did not communicate further and the offer was rejected through inaction. Def.'s Opp'n at 13. On March 7, 2013, this Court adopted Judge Kay's R&R I for an award of $22,887.50, offset by the $12,976.57 paid by the defendant, leaving $9,910.92 to be paid. *Id.*

### C. The Magistrate's Second Report and Recommendation and the Instant Action

The plaintiffs now ask for $19,737.48 in fees and costs (fees on fees)[1] for work done on the motion for attorney's fees. Pls.' Mot. Atty Fees and Costs, Docket No. 21. The plaintiffs seek reimbursement for 38.3 hours of work by Elizabeth Jester, the plaintiffs' attorney, and 0.8 hours of work by Mary Williams, Ms. Jester's paralegal, totaling $19,457.00. *Id.* Ms. Jester's hourly rate is $505.00 and Ms. Williams's hourly rate is $145.00. *See id.* Thus far, the defendant has not made any payment for these fees. On July 17, 2013, Judge Kay filed a second Report and Recommendation (R&R II) on the plaintiffs' motion, resolving two issues regarding the plaintiffs' proposed fees-on-fees amount: 1) the total number of hours for which plaintiffs could receive reimbursement of attorney's fees, and 2) the reasonable hourly rate for those compensable hours.

1. Judge Kay reduced the number of hours for which plaintiffs could receive attorney's fees

Plaintiffs proposed 40.1 total hours worked on the fees-on-fees litigation. Judge Kay subtracted 1 hour of Ms. Jester's work relating to the plaintiffs' 42 U.S.C. §1983 claim as it was dismissed, and 3.8 hours of Ms. Jester's work regarding objections to R&R I. R&R II at 5. Judge Kay noted that the plaintiffs had no right to fee recovery on those actions because this Court decided both claims against the plaintiffs. *See id.*

---

[1]Fees on fees litigation refers to the claim brought by a party who is awarded attorney's fees, seeking compensation for the hours spent in bringing the underlying claim. Here, the instant action is to recover the attorney's fees incurred while the plaintiffs' attorneys sued the defendant for the remaining balance on their invoice.

Judge Kay also found that the plaintiffs could not claim any work done after February 27, 2013, the date of the defendant's offer of judgment. R&R II at 6. Under 20 U.S.C. §1415(i)(3)(D)(i), plaintiffs cannot be awarded attorney's fees for work done after being offered a settlement sum higher than the subsequent award granted by the district court. Because the $13,000 the defendant offered was more than the $9,910.92 this Court awarded when this Court adopted R&R I, Judge Kay subtracted 7.3 hours for the work Ms. Jester claimed after February 27, 2013. R&R II at 7. Judge Kay thus found that plaintiffs were owed for 27 hours worked on the fees-on-fees litigation. *Id.*

2. Judge Kay adjusted downward the reasonable hourly rate for attorney's fees using the *Laffey* Matrix

Once the total number of reimbursable hours had been determined, Judge Kay next calculated the reasonable hourly rate for those hours, using the *Laffey* matrix. In *Laffey v. Northwest Airlines, Inc.*, the D.C. Circuit adopted a matrix, which provides presumptively reasonable hourly rates for complex litigation based on the attorney's years of experience, skill, and expertise. *See generally Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354 (D.D.C.1983), rev'd on other grounds, 746 F.2d 4 (D.C.Cir.1984). The United States Attorney's Office for the District of Columbia has updated this matrix to account for cost of living increases. [2] *Rooths v. District of Columbia*, 803 F.Supp.2d 56, 61 (D.D.C. 2011). Using this updated matrix, Judge Kay found that the "reasonable" hourly rate for Jester's attorney's fees was only a portion of the *Laffey* rates. *See* R&R II at 7-8 (citing *Rooths*, 802 F. Supp.2d at 62-63).

---

[2] The *Laffey* Matrix is available at http://wwwjustice.gov/usao/dc/divisions/civil_Laffey_Matrix_2003-2012.pdf.

Sister courts have previously used 50% of the *Laffey* rates as a reasonable per hour charge for non-complex litigation over attorney's fees. *See* R&R II at 8 (citing cases where fee-on-fee litigation entitled the plaintiffs to one-half the applicable rate under the *Laffey* matrix).[3] Judge Kay applied the same rates to calculate plaintiffs' fees and recommended $6,306.63 in compensation for labor relating to the fees-on-fees litigation.[4] *Id.* at 10. Judge Kay also recommended reimbursement for additional costs incurred by plaintiffs, including costs for filing the complaint, summons, copying, postage, and mileage. The recommended reimbursement for these costs totaled $516.98. *Id.* In sum, for all fees and costs relating to the plaintiffs' fees-on-fees claim, Judge Kay recommended $6,823.61 *Id.* at 11.

Defendant did not file a timely objection to R&R II but now attempts to revive its original argument that the IDEA does not permit fees-on-fees at all. Def. Opp'n to Obj. R&R II, ECF No. 28. Plaintiffs timely object to Part I of Judge Kay's recommendation, which excludes hours worked after the defendant's February 27, 2013 offer of judgment. Pl's. Obj. R&R II, ECF No. 27. Plaintiffs argue: 1) that R&R II improperly discounted work done after the defendant's offer of judgment; and 2) that it is improper for this Court to consider objections to R&R II not timely raised by the defendant. Pl's. Reply Def. Opp'n Pls.' Obj. R&R II, ECF No. 29.

---

[3] This finding converted Jester's hourly rate to $247.50 before May 31, 2012 and $252.50 for work on and after June 1, 2012. *Id* at 9. Williams's hourly rate of $145 received a 75% reduction, creating a rate of $108.75 per hour. *Id*. Judge Kay then imposed a different hourly rate for Jester's travel time. *Id*. Finding support in *Bucher v. D.C.*, 777 F.Supp.2d69, 77 (D.D.C. 2011), he reduced the travel time rate to $126.25, half of Jester's suggested hourly rate.

[4] This breaks down to 4.4 hours at $237.50, 7.9 hours at $247.50, 11.6 hours at $252.50, 0.8 hours at $108.75, and 2.3 hours at $126.25.

## III. LEGAL STANDARD

District courts must apply a *de novo* standard of review when considering objections to, or adoption of, a magistrate judge's Report and Recommendation. *Gardrill v. District of Columbia*, 930 F.Supp.2d 35 (D.D.C. 2013); *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 255-56 (D.D.C. 2006) (citing 28 U.S.C. § 636(b)(1)(B)); 28 U.S.C. § 636(b)(1)(B); LcvR 72.3. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Heiser,* 466 F.Supp.2d at 255-56*; see also Smith v. D.C.,* 846 F. Supp. 2d 197, 199 (D.D.C. 2012) (citing Fed.R.Civ.P. 72(b)(3)); *Roell v. Withrow,* 538 U.S. 580, (2003) (noting that a district court is "free to do as it sees fit with [a] magistrate judge's recommendations" made under authority of 28 U.S.C. § 636(b)(1)).

This Court must thus determine whether the Magistrate's award recommendation comports with this Court's own understanding of IDEA awards in fees-on-fees litigation. Under the IDEA, this Court has the discretion to "award reasonable attorney's fees as part of the costs...to a prevailing party who is the parent of a child with a disability" in an administrative proceeding. 20 U.S.C. § 1415(i)(3)(B)(i)(I). "Courts typically determine the reasonableness of attorney's fees based on the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Jackson v. District of Columbia*, 696 F.Supp.2d 97, 101 (D.D.C. 2010) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433(1983)); *see also In re North,* 59 F.3d 184, 189 (D.C.Cir.1995). Plaintiffs may submit an "invoice that is sufficiently detailed to 'permit the District Court to make an independent determination whether or not the hours claimed are justified.'" *Holbrook v. District of Columbia,* 305 F.Supp.2d 41, 45 (D.D.C. 2004), (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.,* 675 F.2d 1319, 1327 (D.C. Cir. 1982)).

## IV. ANALYSIS

### A. This Court does not consider the merits of Defendant's claim that a fees-on-fees award under the IDEA is unconstitutional

Defendant did not timely object to the Magistrate's R&R II. Defendant now raises an objection for this Court's review, arguing that any award of fees-on-fees compensation under the IDEA is unconstitutional. This Court does not reach the merits of the argument, dismissing the objection because it was not timely raised.

Under 28 U.S.C. §636(b), a court shall hear objections to a magistrate's report and recommendation, if such objection has been timely raised (i.e. within 14 days). 28 U.S.C. §636(b)(1); *see also* FED. R. CIV. P. 72(b) (providing that "[A] party may serve and file specific, written objections to the proposed findings and recommendations" of a magistrate judge within 14 days after being served with a copy of the report and recommendation, and thereby secure *de novo* review by the district court); LCvR 72.3(c) (mandating that district courts conduct *de novo* review of a magistrate's recommendations only if objection is made pursuant to the specificity and filing requirements set forth in 72.3(b)). Whether a district court must also review untimely filed objections to a magistrate's report and recommendation is an issue to be determined by each circuit. *Thomas v. Arn*, 474 U.S. 140, 152 (1985) (upholding a Sixth Circuit rule that precluded district courts from reviewing *de novo* untimely objections because "Congress, in enacting §636(b)(1)(C)…did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.") After *Thomas*, a waiver rule is neither mandated by §636(b)(1)(C), nor precluded if a circuit wishes to adopt such a rule.

The D.C. Circuit has not yet ruled on this issue. *See Powell v. United States Bureau of Prisons,* 927 F.2d 1239, 1247-48 (D.C. Cir. 1991) (recognizing the question regarding *de novo* review but declining to rule on the issue because of other substantive errors in the magistrate's report). Although the majority in *Powell* did not reach this issue, Judge Sentelle's dissenting opinion did reach the issue and agreed with the majority view, that a district court may exercise *de novo* review under 28 U.S.C. §636(b)(1) if, and only if, the party has made a timely and specific objection to the magistrate's report. *Id.* ("While this Court has never directly addressed the issue, I find the view espoused by the majority of circuits – that a failure to object to an issue ends entitlement to a *de novo* review of that issue – to be more persuasive.") Judge Sentelle cites favorably to the Fifth Circuit's opinion in *Nettles v. Wainwright*, which emphasized that judicial efficiency mandated such a rule, even for *pro se* plaintiffs. 677 F.2d 404, 409-10 (5th Cir. Unit B 1982). According to the *Nettles* court,

> It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider. This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.

*Id.* at 410; *see also Thomas,* 474 U.S. at 148 ("Absent such a rule…the district court [would be forced] to review every issue in every case, no matter how thorough the magistrate's analysis…[the] result would be an inefficient use of judicial resources."); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1421 (5th Cir. 1996) (same); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980) (holding that the purpose of the Magistrates Act is to relieve judge's workload; if party does not file objections, it is therefore not entitled to later review). In essence, these courts have held that an untimely objection to the magistrate's report and recommendation constitutes a waiver of that issue.

Other district courts to consider this issue have followed this reasoning. *See e.g., Self v. LaValley*, 2013 WL 1294448, at *3 (N.D.N.Y. 2013) (noting that a contrary rule would "undermine compliance with …deadlines, unnecessarily prolonging already old cases"); *United States v. Asbury*, 2006 WL 1597559, at *1 (W.D.N.C.) (following the 4th Circuit's rule that a party waives their right to *de novo* review if an objection is either untimely or overly general); *Webb v. Califano*, 468 F.Supp. 825, 830-1 (E.D.Cal. 1979) (finding waiver of review by the district court; "[h]aving failed to object within the time provided, the parties cannot mandate a de novo review; they may only suggest it."). The advisory notes to Fed. R. Civ. P. 72 confirm this understanding. FED. R. CIV. P. 72. The 1991 amendment to Rule 72 intended to "assure that objections to magistrate's orders that are not timely made shall not be considered." FED. R. CIV. P. 72(b), advisory note to the 1991 amendment.

Here, Defendant concedes that he did not timely raise his constitutional objection. Def's Resp'n Pl's Opp'n at 6. Because this Court finds Judge Sentelle's and other circuits' reasoning persuasive, and because defendant did not timely raise its objection to the magistrate's report and recommendation, this Court does not consider the merits of defendant's constitutional objection to fees-on-fees awards under the IDEA.

**B. The plaintiffs are entitled to fees incurred after the defendant's offer of judgment**

In R&R II, Judge Kay found that the plaintiffs could not claim fees for any work done after February 27, 2013, the date of the defendant's offer of judgment. This is because the defendant offered $13,000 to settle all claims, which Judge Kay found to be a higher amount than the award eventually accepted by this Court on March 7, 2013. Under Fed. R. Civ. P. 68, an offer of judgment greater than plaintiffs' actual award would bar recovery for work completed after the offer of judgment. FED. R. CIV. P. 68 Plaintiffs now object to the Magistrate's recommendation

9

to exclude those hours. Plaintiffs argue: 1) that the settlement terms as offered are ambiguous, and that under an alternate reading, the settlement offer of $13,000 was less than the amount actually awarded to the plaintiffs, and 2) that their rejection of defendant's offer was "substantially justified" because they had, in good faith, determined that the likelihood of obtaining an award of fees in excess of $13,000 was significant. Because this Court finds that the plaintiffs' actual recovery is higher than defendant's offer of judgment, Fed. R. Civ. P. 68 is not implicated and the plaintiffs are entitled to attorney's fees after February 27, 2013. This Court does not reach the issue of substantial justification.

The IDEA provides that fees:

> may not be awarded and related costs may not be reimbursed ... for services performed subsequent to" the submission of the offer where (1) defendants have submitted a "written offer of settlement to a parent"; (2) the offer is made within the time limits set forth in Rule 68; (3) the offer is not accepted within ten days; and (4) "the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i).

*B.L. Through Lax v. D.C.*, 517 F. Supp. 2d 57, 60 (D.D.C. 2007). There is one exception to this rule. Attorney's fees may still be awarded to a prevailing party for work done after a defendant's settlement offer if the prevailing party "was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E). The IDEA specifically incorporates the limits set forth in Rule 68, which states in relevant part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.... *If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.*

Fed.R.Civ.P. 68 (emphasis added). "The burden is on the oferror to make a clear and precise offer that will be readily comparable to any judgment that may be obtained" and "in determining the meaning of the offer, the court is to look to the language of the offer" alone. *Jones v.*

10

*Fleetwood Motor Homes, Inc.,* 127 F.Supp.2d 958, 968 (D.Ill. 2000). Thus, ambiguities will be construed against the party who drafted the offer. *Id.* To determine whether a defendant's offer of judgment is greater than plaintiffs' actual award, the court must first enquire whether defendant's offer includes pre-offer costs and attorney's fees. *Goos v. National Ass'n of Realtors,* 68 F.3d 1380, 1382 n.1 (D.C. Cir. 1996). If the pre-offer fees and costs are included in defendant's offer, then "[t]he proper comparison is between the amount of the settlement offer on the one hand, and the sum of the damages award and the pre-offer costs and attorneys' fees on the other." *Alfonso v. Aufiero*, 66 F.Supp.2d 183, 202-3 (D.Mass. 1999) (citing to *Marek v. Chesney*, 473 U.S. 1, 7 (1985)). Post-offer costs on the other hand should not be included in determining whether the settlement offer is greater than plaintiffs' actual recovery. *Marek*, 473 U.S. at 7. (noting that the inclusion of post-offer costs for Rule 68 analysis would violate the purposes of the Rule, as "post-offer costs merely offset part of the expense of continuing the litigation to trial").

Defendant offered plaintiffs $13,000 to settle all claims "inclusive of reasonable and statutorily allowable attorneys' fees and costs accrued to date." Def's Opp'n. to Pl's Mot. for Atty's Fees and Costs, Exh. 1, at 1. This Court does not find the offer ambiguous. The only claim remaining at the time of the offer was the plaintiffs' claim of attorneys' fees for work performed on the IDEA suit. Defendant offered $13,000 to settle the remainder of the attorneys' fees claim *and* any additional fees and costs associated with work on that claim. Thus, the $13,000 is intended to compensate plaintiffs for the remaining $16,574.11 requested by the plaintiffs, as well as any fees-on-fees.

Plaintiffs' actual recovery is greater than $13,000. Judge Kay recommended, and this Court accepted an award of $9,910.92 for plaintiffs' work on the IDEA litigation. R&R I at 14. Judge

Kay recommended $6,823.61 for fees and costs associated with plaintiffs' work on their motion for attorney's fees, up until February 27, 2013. R&R II at 11. Together, plaintiffs were awarded $16,734.53 for work completed up until the date of defendant's offer of judgment. Because $16,724.53 is greater than defendant's offer of $13,000, this Court finds that Rule 68 is not implicated. Plaintiffs are thus entitled to reasonable fees for work completed after February 27, 2013.

### C. Calculation of fees-on-fees for hours worked after February 27, 2013

Judge Kay recommended, and the parties do not contest, an hourly rate of $252.50 for work done after June 1, 2012, on the fees-on-fees litigation. This represents 50% of the *Laffey* matrix hourly rate. R&R II at 9, Docket No. 26; *see, e.g., Wright,* 883 F.Supp.2d at 135–36 (D.D.C. 2012) (reducing rate to half of the maximum Laffey rate for fee litigation); *Garvin v. Gov't of D.C.,* 910 F. Supp. 2d 135, 141 (D.D.C. 2012). This Court adopts the recommended rate to calculate the reasonable fees appropriate for work completed by Ms. Jester after February 27, 2013.

To determine the number of reasonable hours spent on this claim after February 27, 2013, this Court looks to plaintiffs' submitted invoice, which details the date, time expended, and a description of the work done. Pls.' Mot. Atty's Fees and Costs, Ex. 1. Ms. Jester reported 7.3 hours after February 27, 2013 for reviewing correspondence from opposing counsel regarding a settlement offer, reviewing this Court's order adopting Judge Kay's recommendation, and drafting and finalizing the motion for attorney's fees. These hours are reasonable, non-

duplicative, and non-frivolous. Therefore, this Court adds $1,800.33[5] to the Magistrate's recommendation of the plaintiffs' fees and costs.

## V. CONCLUSION

For the foregoing reasons, this Court sustains the plaintiffs' objections to the July 17, 2013 Report and Recommendation and concludes that (1) the offer of judgment was not greater than the plaintiffs' actual recovery under Federal Rule of Civil Procedure 68; (2) the plaintiffs are entitled to attorney's fees and costs incurred after February 27, 2013; and (3) that the plaintiffs shall be awarded a total of $8,623.94[6] for attorney's fees incurred in this fees on fees litigation.[7] An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: November 20, 2013            RUDOLPH CONTRERAS
           United States District Judge

---

[5] This represents the rate of $252.50 per hour for the additional 7.3 hours Ms. Jester incurred in litigation to obtain attorney's fees.

[6] This Court accepts all other factual findings of the magistrate's report and recommendations as they were uncontested by the parties in this case.

[7] The Court notes that at a certain point fees-on-fees litigation unnecessarily protracts litigation and becomes so far removed from the original adjudication that the prevailing parties claim may be too attenuated. While *Wright*, 883 F.Supp.2d 132 at 134, decided that the time spent drafting a motion for fees and costs is too attenuated, this court has not joined in that conclusion. *But see Garvin,* 910 F.Supp. 2d. at 138-39 ("[T]he unavailability of "fees on fees" awards in IDEA cases would essentially render the attorney's fees provision of the IDEA unenforceable, causing a party to forfeit any outstanding balance due to the prohibitive cost of the litigation to recover it. The inability to enforce the attorney's fees provision would, in turn, undermine Congress' goal in enacting the fee-shifting provision by making it more difficult for families to secure legal representation to enforce a child's rights under the IDEA"). However, fees on fees on fees, as may be pursued by the plaintiff for the successful adjudication of the current claim, may be too removed to be compensable.